```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA


DARREN A. LUNFORD,               )    3:08-CV-00233-ECR-RAM
                                 )
     Plaintiff,                  )    MINUTES OF THE COURT
                                 )
vs.                              )    DATE: March 12, 2009
                                 )
BRUCE BANNISTER, CHUCK SCARDIN,  )
D.W. NEVEN, GARY GRAHAM, and     )
DR. WULFF,                       )
                                 )
     Defendants.                 )
_____)

PRESENT:     EDWARD C. REED, JR.              U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN    Reporter:    NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING
```

<u>MINUTE ORDER IN CHAMBERS</u>

On February 10, 2009, the Magistrate Judge entered a Report and Recommendation (#20), recommending that the Defendants' Motion for Summary Judgment (#13) be denied in part on Counts 1 and 2 of the complaint and granted in part as to the claims asserted against Defendants Bannister, Scardin, and Neven in their official capacities for money damages. The Report and Recommendation (#20) also recommended denying both Plaintiff's Motion for Summary Judgment (#12) and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#10).

Objections were filed by both Plaintiff (#26) and Defendants (#22). Plaintiff also filed a Declaration (#24).

Plaintiff objects (#26) to the Report and Recommendation (#20) with respect to his ear ailment on the basis that he was denied medical treatment for an unacceptably long period of time. Defendants object (#22) to the Report and Recommendation on the basis that Plaintiff ultimately received adequate care. The Magistrate Judge concluded that whether Plaintiff's medical condition subsided during the period of delay raised a genuine issue of material fact as to whether the prison officials were deliberately indifferent to a serious medical need. We agree. Plaintiff

did not follow up on his requests for medication for a period of nine months.  But Plaintiff also did not receive his prescribed medication for fourteen months, and even then, he received a different medication than the one originally prescribed.  See Delker v. Maass, 843 F. Supp. 1390, 1400 (D.Or. 1994) (stating that delay in medical treatment may constitute deliberate indifference).

Plaintiff objects (#26) to the Report and Recommendation (#20) with respect to his shoulder ailment on the basis that he was denied treatment from the period between September 2006 and April 2007.  Defendants object (#22) to Report and Recommendation (#20) on the basis that any delay in treatment was a result of "administrative and/or transport reasons that are penological in nature."  (D.s' Objections at 6 (#22).)  The Magistrate Judge reasoned that it is "disputable" as to whether the delay in treatment was purposeful or not.  We agree.  The continued delay in rescheduling Plaintiff's doctor appointment might have unnecessarily caused Plaintiff to endure constant shoulder pain for several months with no legitimate penological purpose.  See Estelle v. Gamble, 429 U.S. 97, 107 (1976).

The Objections (#22 and #26) on both sides are overruled.

The Magistrate Judge also recommended (#20) denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#10).  No objections were timely filed as to this part of the Report and Recommendation (#20).  It does not appear that Plaintiff has suffered from an ongoing harm, nor does Plaintiff present a "strong" possibility that he could prove Defendants were more than negligent in their treatment, delayed as it may have been.  See Textile Unlimited, Inc. v. A. BMH & Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001).

**IT IS, THEREFORE, HEREBY ORDERED** that the Report and Recommendation (#20) of the Magistrate Judge is **APPROVED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (#13) is **DENIED** as to Counts 1 and 2 of the complaint and **GRANTED** as to the claims asserted against Defendants Bannister, Scardin, and Neven in their official capacities for money damages.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (#12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#10) is **DENIED**.

          LANCE S. WILSON, CLERK
          By _____/s/_____
             Deputy Clerk